**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.:**

**LAURA MAYER,**

    **Plaintiff,**

**v.**

**MWB REAL ESTATE VENTURE, INC.,**
**a Florida Profit Corporation, CONWAY A. BOLT,**
**III, individually, BOLT REAL ESTATE, LLC,**
**d/b/a ENGEL & VOELKERS MELBOURNE**
**CENTRAL, a Florida Limited Liability Company,**
**and MARCELLA W. BOLT, individually,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAURA MAYER ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, MWB REAL ESTATE VENTURE, INC., a Florida Profit Corporation, ("MWB"), CONWAY A. BOLT, III, ("C. BOLT"), BOLT REAL ESTATE, LLC, d/b/a ENGEL & VOELKERS MELBOURNE CENTRAL, ("BOLT REAL ESTATE"), a Florida Limited Liability Company, and MARCELLA BOLT, ("M. BOLT"), as joint employer, (hereinafter "Defendants"), and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs. Further, the Court has supplemental

jurisdiction over Plaintiff's Florida common law claims, as they arise out of the same common nucleus of facts involving Plaintiff's claim for FLSA damages: specifically, both claims involve the manner in which Plaintiff was paid.

2. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§2201-02.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper as Plaintiff worked for Defendants in Brevard County, Florida, and the actions giving rise to these claims arose in Brevard County, Florida.

## PARTIES

6. At all times material hereto, Plaintiff was a resident of Brevard County, Florida.

7. The Corporate Defendants are businesses that operate and conduct business in, among others, Brevard County, Florida, and are therefore, within the jurisdiction of this Court.

8. The Individual Defendants, M. BOLT, and C. BOLT, operated the Corporate Defendants in, among others, Brevard County, Florida, and are therefore within the jurisdiction of this Court.

9. At various times material hereto, Defendants were continuously a joint employer of Plaintiff, where the individual and corporate entities generally controlled the terms and conditions of the employment of Plaintiff.

10. At all times during their contemporaneous existences, Defendants shared common ownership, overlapping officers and directors, common registered addresses,

interrelations of operations, and centralized control of labor, including joint authority and control over Plaintiff's working conditions and compensation.

## COVERAGE UNDER THE FLSA

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce," within the meaning of the FLSA, either individually, or jointly, or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act.

15. Defendants have employees engaged in commerce, or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendants have been open for business, during the relevant time periods.

17. At all times relevant hereto, Defendants had more than two (2) employees.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to

individual coverage under the FLSA.

20. At all times hereto, Plaintiff was engaged in the production of goods for commerce, or providing services in commerce, and subject to the individual coverage of the FLSA.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

22. C. BOLT, and M. BOLT, at all times relevant during Plaintiff's employment: (a) exercised the authority to hire and fire employees like Plaintiff; (b) determined the rates of pay of employees like Plaintiff; and (c) determined/set the schedules/locations for hours worked by employees like Plaintiff.

## STATEMENT OF FACTS

23. Plaintiff worked as a non-exempt employee for Defendants from April 11, 2016 until her termination on October 19, 2018.

24. Prior to commencing her employment with Defendants in March 2016, Defendants offered Plaintiff to be paid a base rate of pay and commission in consideration of her employment for Defendants.

25. The commission offered to Plaintiff included one hundred dollars ($100.00) for "every active listing taken," which was to be paid weekly on "Signed Listings only," and a quarterly bonus of one thousand dollars ($1,000.00) if "weekly active listing average for the quarter is five or greater", five hundred dollars ($500.00) per "closed transaction on any buyer lead" that she would "nurture and hand off to agents," and seven percent (7%) of earned commission on all listings.

26. Plaintiff accepted this offer and in consideration of same, commenced her

employment for Defendants.

27. Defendants' offer, combined with Plaintiff's acceptance, and consideration, working for Defendants for the agreed upon compensation, created a binding and legally enforceable contract, ("Contract"), under Florida law.

28. However, throughout Plaintiff's employment with Defendants, Defendants failed and/or refused to compensate Plaintiff all her agreed upon wages and commission.

29. Defendants breached the Contract by failing to pay Plaintiff her wages, including overtime wages, and commissions due and owing under the Contract.

30. Plaintiff objected to Defendants verbally, cautioning Defendants that a failure to compensate her as agreed upon, breached the Contract between the Parties.

31. Defendants terminated Plaintiff on October 19, 2018 based on her objections to its failure to pay her earned commissions and overtime compensation.

32. Defendants' termination of Plaintiff does not excuse or void Defendants' obligations to compensate her pursuant to the terms of the Contract.

33. Despite Plaintiff's multiple objections, Defendants have yet to rectify this issue, and therefore have damaged Plaintiff in the form of lost wages and commission unpaid by Defendants under the Contract.

34. Plaintiff is entitled to her unpaid wages, commissions, benefits, interest, and attorneys' fees and costs pursuant to Section 448.08, Florida Statutes.

35. As to her FLSA claims, Plaintiff regularly worked in excess of forty (40) hours per week for Defendants.

36. Specifically, Plaintiff regularly worked an average of fifty (50) hours per week and was not properly compensated time and one-half Plaintiff's regular rate for each hour

worked in excess of forty (40) hours.

37. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout her employment.

38. Defendants violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

   d. Defendants terminated Plaintiff in retaliation for her objections to Defendants' violation(s) of the FLSA.

39. For the time period of April 11, 2016 to August 1, 2017, Plaintiff's hourly rate of pay was $14.42 per hour. Therefore, her overtime rate was $21.63 per hour ($14.42 X 1.5). Plaintiff was not paid for any and all hours she worked in excess of forty (40) hours per week, and she averaged ten (10) hours of overtime per week. She therefore should have been compensated $21.63 for each of these ten (10) hours. 10 X $21.63=$216.30. This time period is sixty-eight (68) weeks. **68 X $216.30=$14,708.40 unliquidated, and $29,416.80 liquidated.**

40. For the time period of August 2017 to August 2018, Plaintiff was compensated at $33,280.00 salary, which would make her weekly pay $640.00 per week. Plaintiff worked

an average of fifty (50) hours per week during this time. Her hourly rate was therefore $12.80 per hour. Plaintiff's overtime rate during this time was $19.20 ($12.80 X 1.5). Plaintiff was not paid this overtime rate for each of the hours she worked in excess of forty (40) hours, but was instead paid straight time for all hours worked. Therefore, Plaintiff is owed half-time at $6.40 for each of the hours she worked in excess of forty (40 hours. **During this time period, which totals fifty-two (52) weeks, Plaintiff is therefore owed $64.00 of unpaid overtime compensation per week. $64.00 X 52=$3,328.00 unliquidated, and $6,656.00 liquidated damages.**

41. During the time period of August 15, 2018 to October 19, 2018, Plaintiff's hourly rate was $16.00 per hour, making her overtime rate $24.00. Plaintiff was not paid for any of her hours worked in excess of forty (40) hours during this time period. She worked ten (10) hours of overtime per week during this time period. Plaintiff is therefore owed $240.00 per week during this time period, which lasted nine (9) weeks. **Therefore, during this time period, Plaintiff's damages are $2,160.00 unliquidated and $4,320.00 liquidated damages.**

42. **Plaintiff therefore estimates her overtime damages to be $20,196.40 unliquidated and $40,392.80 liquidated damages.**

43. Prior to the filing of this lawsuit, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

44. Prior to the filing of this lawsuit, Defendants did not consult with the DOL to evaluate whether Plaintiffs' actual job duties and pay structure rendered her exempt from recovering

45. Prior to the filing of this lawsuit, Defendants did not consult with an accountant

to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

46.     Based on the allegations in Paragraphs 43-45 above, Plaintiff is entitled to liquidated damages as Defendants have no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

47.     Furthermore, after finally having had enough of Defendants' stealing her legally owed overtime compensation, Plaintiff, toward the end of her employment in October 2018, objected to Defendants' violation of the FLSA and Defendants' failure and/or refusal to pay her earned and owing overtime compensation.

48.     This objection by Plaintiff constituted protected activity under the FLSA pursuant to 29 U.S.C. §215(a)(3).

49.     Plaintiff continued to voice her objections to Defendants including in the days prior to her termination.

50.     Plaintiff was terminated shortly thereafter in direct retaliation for her objections.

51.     In this manner, Defendants retaliated against and fired Plaintiff for her objections to Defendants' pay practices in violation of the FLSA.

52.     Additionally, when Plaintiff notified Defendants via U.S. mail on November 5, 2018, that she intended on filing a complaint against Defendants related to the foregoing violations of the FLSA and its failure and/or refusal to compensate her with her due and owing overtime wages, Defendants retaliated against Plaintiff and contacted her subsequent employer, threatening suit against Plaintiff's subsequent employer if the employer continued to employ Plaintiff.

53.     As a result of Defendants' actions, Plaintiff was terminated from her subsequent

position at this employer.

54. Shortly thereafter, Defendants took further retaliatory action against Plaintiff and contacted the Florida Department of Health, and filed a report against Plaintiff with the agency, falsely stating that Plaintiff was collecting benefits from government sources under false pretenses.

55. Finally, Defendants retaliated against Plaintiff by filing a civil action against Plaintiff, in which Defendants claim Plaintiff defamed Defendants by objecting to Defendants' violation of the FLSA based on its failure and/or refusal to pay her earned and unpaid overtime wages.

56. Plaintiff has suffered damages as a result of these unlawful and retaliatory actions by Defendant.

57. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

58. Plaintiff re-alleges and reavers paragraphs 1-23, 35-57 the Complaint, as if fully set forth herein.

59. During her employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

60. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

61. Defendants failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

62. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

63. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

64. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

 a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

 b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

 c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

 d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

 e. Awarding Plaintiff pre-judgment interest; and

 f. Ordering any other further relief, the Court deems just and proper.

### COUNT II
### UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)

65. Plaintiffs reallege and reaver Paragraphs 1-23, and 35-57 of the Complaint, as

if fully set forth herein.

66. In October 2018, Defendants illegally terminated Plaintiff from her employment in violation of 29 U.S.C. § 215(a)(3).

67. Defendants terminated Plaintiff solely because Plaintiff objected to Defendants' non-payment of her overtime wages under the FLSA.

68. As a result of Defendants' intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

69. Defendants did not have a good faith basis for terminating Plaintiff in retaliation for her objections to Defendants' illegal FLSA pay practices, and Plaintiff is therefore entitled to liquidated damages

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendants for their actual and compensatory damages, including front pay and back pay, liquidated damages, as well as their costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

### COUNT III
### BREACH OF PLAINTIFF'S ORAL EMPLOYMENT CONTRACT

70. Plaintiff re-alleges and incorporates all of the allegations contained within Paragraphs 1-34 of the Complaint as if fully set forth herein.

71. Plaintiff and Defendant entered into an oral employment Contract in March 2016.

72. Specifically, Defendant offered to pay Plaintiff base pay and commissions, as alleged in Paragraphs 24-25.

73. Plaintiff accepted same, and in consideration of this offer, performed her work

duties with the understanding she would be paid as offered.

74. Plaintiff and Defendant created a binding oral agreement based on the foregoing allegations contained in Paragraph 24-26.

75. Defendants have willfully failed to pay Plaintiff for her wages and benefits due upon exiting the company, resulting in a breach of the Contract.

76. To date, Defendants have failed and/or refused to provide Plaintiff with all her due and owing compensation, per the Contract, despite several attempts by Plaintiff, to rectify this issue.

77. Defendants have materially breached the Contract between the Parties.

78. Plaintiff has been damaged due to Defendants' willful failure to pay Plaintiff her agreed upon compensation.

79. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees, as she is seeking unpaid wages to which she was entitled.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in Plaintiff's favor, and against Defendants, for damages and prejudgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 10th day of April 2019.

/s/ *NOAH E. STORCH*
Noah E. Storch, Esquire
Florida Bar No. 0085476
Robert D. Pecchio, Esquire
Florida Bar No. 1005955
Email: noah@floridaovertimelawyer.com
Email: robert@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*